UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALAN AHO, | : |
|     Plaintiff, | : |
| | : |
| v. | :    3:09-cv-728 (CFD) |
| | : |
| PHILIP ANTHONY, NORMAND | : |
| SYLVESTRE, ADAM CHITTECK, and | : |
| COLLIN KONOW, | : |
|     Defendants. | : |

**RULING ON MOTION TO DISMISS**

The plaintiff, Alan Aho, brought this action pursuant to 42 U.S.C. § 1983, alleging that he was deprived of his rights to vote and due process at a town meeting in Griswold, Connecticut. Defendants Philip Anthony and Normand Sylvestre have moved to dismiss Aho's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons that follow, the defendants' motion is granted.

**I.    Factual Background**[2]

Plaintiff Aho is the Chairman of the Griswold Republican Town Committee. Defendant Anthony is the First Selectman of Griswold. As part of his duties, Anthony is in charge of the procedures for Griswold town meetings. Defendant Sylvestre is a town meeting moderator for the Town of Griswold.

---

[1] There are two other defendants in this action: Connecticut state troopers Adam Chitteck and Collin Konow. Troopers Chitteck and Konow previously moved to dismiss Aho's claims against them. In a December 4, 2009, ruling, this Court granted in part and denied in part the troopers' motion.

[2] These facts are taken from the allegations of the plaintiff's Amended Complaint, dated September 30, 2009, which is the operative complaint. The allegations must be assumed true for the purpose of resolving the motion to dismiss.

-1-

On May 21, 2008, a special town meeting was held at Griswold Middle School to discuss and vote on whether the town should accept state-owned land to build a new recreational complex. Aho attended the special town meeting and Sylvestre served as the moderator. Apparently, the issue of whether to accept the land and build the complex was the subject of considerable political controversy in Griswold.

Aho alleges that a state trooper ejected him from the meeting after the trooper spoke with a resident of the town, James Coutu, a political opponent of Aho.[3] According to Aho's Amended Complaint, there was no physical altercation or audible argument between Aho and Coutu, so the trooper relied solely on information learned from Coutu. The trooper allegedly did not allow Aho to give his explanation prior to ejecting him.

Aho claims he informed the trooper that he had come to the meeting to vote and that he intended to do so. Aho alleges that the trooper then stated, "You can vote and then I'll arrest you or you can leave now." Aho claims that his opposition to the land acquisition was well known before the meeting. Neither the town officials (including Anthony) nor the moderator of the meeting (Sylvestre) prevented his ejection or inquired into the reason for it. After Aho was ejected, a vote on the recreational complex was held, and the proposal was adopted.

Aho then filed this action against the two state troopers (Chitteck and Konow), the moderator of the town meeting (Sylvestre), and the First Selectman of Griswold (Anthony).

---

[3] It is disputed what Couto told the trooper. Apparently, Couto claims that Aho had threatened him, and he relayed that to the trooper.

**II.    Discussion**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must state a claim for relief that is plausible on its face.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted).  In determining whether the plaintiff has met this standard, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the non-moving party.  See In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).

   A.    Section 1983 Claims: Personal Involvement

Anthony and Sylvestre claim that Aho's Section 1983 claims against them must be dismissed because the Amended Complaint does not allege sufficient personal involvement by them.  Specifically, Anthony and Sylvestre argue that Aho has not alleged that either of them prevented Aho from voting or from exercising his due process rights at the Griswold town meeting.

Aho brings suit under 42 U.S.C. § 1983, claiming that he was wrongfully deprived of his rights to vote and due process in violation of the U.S. constitution.[4]  The right to vote is a

---

[4] It is not clear whether Aho asserts independent procedural and substantive due process claims or whether it is a First Amendment claim brought via a due process violation.  Because Aho's claims should be dismissed for not sufficiently alleging personal involvement by either Anthony or Sylvestre, as explained in more detail in the Court's analysis below, the exact nature of Aho's due process claim is not material to the Court's holding.

fundamental political right; however, principles of federalism limit the ability of federal courts to intervene in state elections. See Shannon v. Jacobowitz, 394 F.3d 90, 93–94 (2d Cir. 2005). Indeed, "[o]nly in extraordinary circumstances will a challenge to a state [or local] election rise to the level of a constitutional deprivation." Id. at 94 (alterations in original); cf. Windham Taxpayers Ass'n v. Bd. of Selectmen of Windham, No. CV 94 0049807 S, 1995 WL 118748, at *4–5 (Conn. Super. Ct. Mar. 13, 1995) (holding that the right to petition, articulated in Conn. Gen. Stat. § 7-6, is a fundamental right under the state and federal constitutions). The U.S. Court of Appeals for the Second Circuit has held that federal due process violations in state or local voting cases are only cognizable when there is an intentional act on the part of the government or its officials. See Shannon, 394 F.3d at 96; see also Gold v. Feinberg, 101 F.3d 796, 800 (2d Cir. 1996) ("[M]ore than negligent conduct by the state actor is needed in order for a cognizable § 1983 claim to exist based on violations of the due process clause.").

Allegations of personal involvement by the particular defendants is a prerequisite to liability under a § 1983 claim. See Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well settled in [the Second] Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)); Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) ("Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on a claim for damages under § 1983."); Piscottano v. Town of Somers, 396 F. Supp. 2d 187, 197 (D. Conn. 2005) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)). Here, Aho does not allege that Sylvestre or Anthony took any affirmative action in ejecting him from the town meeting. Additionally, Aho does not allege that the defendants saw the state troopers remove

him from the meeting or that they overheard the conversation in which the state trooper told Aho to leave. The only allegation with respect to the defendants' personal involvement is that Coutu (who allegedly complained to the state trooper) was acting in concert with Anthony and Sylvestre. On a motion to dismiss, "[b]road allegations of conspiracy are insufficient; the plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009); see also Malcolm v. Honeoye Falls-Lima Educ. Assoc., 678 F. Supp. 2d 100, 107 (W.D.N.Y. 2010) (discussing a claim brought pursuant to 42 U.S.C. § 1985, the court stated that "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct"). Accordingly, Aho has failed to sufficiently allege the defendants' personal involvement and his claims that Anthony and Sylvestre violated his rights to vote and due process, brought under 42 U.S.C. § 1983, are dismissed.

B.   Connecticut Statutory Claim: Conn. Gen. Stat. § 7-6

Aho claims that Conn. Gen. Stat. §§ 7-6 and 7-7 mandate that Anthony and Sylvestre had an affirmative duty to prevent the state troopers from violating Aho's rights.[5] Section 7-6, however, only discusses the right to vote in municipal meetings, and Section 7-7 only states that

---

[5] An individual has standing to bring suit under Conn. Gen. Stat. § 7-6 if that individual is a taxpayer and registered voter of the town in which the individual claims his right to vote was deprived. See Windham Taxpayers Ass'n v. Bd. of Selectmen, No. CV 94 0049807 S, 1995 WL 118748, at *4–5 (Conn. Super. Ct. Mar. 13, 1995).

"all questions arising in such meetings shall be decided in accordance with standard parliamentary practice." See Conn. Gen. Stat. §§ 7-6, 7-7. While it is clear that the moderator has the power to remove a disorderly person from any town meeting, see Conn. Gen. Stat. § 7-8, this authority does not mean that the moderator has an affirmative duty to *prevent* the state troopers from removing Aho or other citizens.[6] With respect to Anthony and Sylvestre, Aho only alleges that they "permitted [his] ejection without intervening." Borrowing from the Court's foregoing discussion of Aho's Section 1983 claims, a municipal officer cannot be liable for failing to prevent another from violating a person's statutory rights, unless that municipal officer has an affirmative duty to act. Cf. Musso v. Hourigan, 836 F.2d 736, 743 (2d Cir. 1988) ("A government official is not liable for failing to prevent another from violating a person's constitutional rights, unless the official is charged with an affirmative duty to act."). Accordingly, Aho's statutory claim is dismissed.

C. Qualified Immunity

Even if Aho adequately plead personal involvement by Anthony and Sylvestre, Aho's Section 1983 claims should still be dismissed because Anthony and Sylvestre are entitled to qualified immunity.

Government officials performing discretionary functions are entitled to qualified immunity if their conduct does not violate clearly established statutory or constitutional rights that a reasonable person would have known about. See Harlow v. Fitzgerald, 457 U.S. 800, 818

---

[6] Additionally, it appears that in actions brought for a violation of Conn. Gen. Stat. §7-6, the typical remedy sought is mandamus. See, e.g., Windham Taxpayers Ass'n, 1995 WL 118748, at *5, 9. Aho, however, does not seek mandamus relief. Instead, Aho seeks monetary damages.

(1982). The purpose of qualified immunity is to protect officials when they must make difficult "on-the-job" decisions. See Zieper v. Metzinger, 474 F.3d 60, 71 (2d Cir. 2007). Thus, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law" by giving "ample room for mistaken judgments." Id. (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).

In the Second Circuit, the qualified immunity analysis consists of a three-step inquiry examining whether there is an alleged violation of a constitutional right, whether the right was clearly established at the time of the conduct, and—if the right was clearly established—whether the defendants' actions were objectively reasonable. See Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 211 (2d Cir. 2003). To be "clearly established," the contours of a right must have been sufficiently clear so that a reasonable official would understand that what he is doing violates that right—unlawfulness must be apparent. See Anderson v. Creighton, 483 U.S. 635, 640 (1987).

> "In determining whether a particular right was clearly established at the time defendants acted, [the Second Circuit] has considered three factors: (1) whether the right in question was defined with 'reasonable specificity;' (2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful."

Yorzinski v. Alves, 477 F. Supp. 2d 461, 469–70 (D. Conn. 2007) (quoting Jermosen v. Smith, 945 F.2d 547, 550 (2d Cir. 1991)). "Only Supreme Court and Second Circuit precedent existing at the time of the alleged violation is relevant in deciding whether a right is clearly established." Moore v. Vega, 371 F.3d 110, 114 (2d Cir. 2004).

It is not contested that Aho alleges a violation of his constitutional rights—the right to vote and the right to due process. Aho's right, however, was not "clearly established." Specifically, it was not clearly established that Anthony and Sylvestre had the affirmative duty to stop the state troopers from preventing Aho from voting or speaking at the town meeting. See Musso, 836 F.2d at 743–44 (stating that, in a qualified immunity inquiry, the appropriate question is whether it was "clearly established" that the defendant had an affirmative duty to prevent others from infringing on the plaintiff's First Amendment rights). Furthermore, even if Aho's rights were clearly established, Aho has not sufficiently alleged that Anthony or Sylvestre acted unreasonably. See Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995) (noting that, even if the plaintiff's constitutional rights were clearly established, a government officer is entitled to qualified immunity if his actions were "objectively reasonable"). In particular, Aho has not alleged that Anthony or Sylvestre saw the state troopers confront and eject him and failed to prevent it, or that Anthony or Sylvestre ordered his removal from the town meeting. Aho only alleges that Anthony and Sylvestre were likely conspiring with Coutu to prevent him from speaking at the meeting. Such alleged conduct is not enough to overcome the "objectively reasonable" standard. Therefore, the defendants are entitled to qualified immunity on Aho's Section 1983 claims.

### III. Conclusion

Accordingly, the defendants' motion to dismiss [Dkt # 25] is GRANTED.

SO ORDERED this 28th day of February 2011, at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**